UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 26-23072-CV-MFE

KATHLEEN M. MCMANAMON,

Plaintiff,

v.

OFFICER CARBALLO,A., et al.,

Defendants.

_____/

FILED BY ___ D.C.

MAY 26 2026

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR EXTENSION OF TIME

Plaintiff, pro se, respectfully opposes Defendants' Motion for Extension of Time  and states:

1.  Defendants' motion should be denied because the served Defendants already have been properly served and therefore have an existing deadline to respond under the Federal Rules. Officer Zarate was served on May 6, 2026; Officers Carballo, Perales, Bradshaw, Martinez Ramos and Merced were served on May 13, 2026; and the City of Miami Police Department was served on May 14, 2026. Those service dates are reflected on the docket/return-of-service entries and impose response deadlines under Fed. R. Civ. P. 12(a).

2.  Because the majority of Defendants were served on May 13 and the City of Miami Police Department was served on May 14, any extension request tied to service of the "last Defendant" is moot; defendants' proposed joint-response schedule is not justified by outstanding service issues.

3.  Defendants have not shown good cause for the requested extension. The motion relies largely on the assigned attorney's pre-planned leave and workload. Routine scheduling or staffing conflicts, without more, do not establish the requisite good cause for extending a deadline set by the rules. See Fed. R. Civ. P. 6(b)(1).

4.  Granting the extension would prejudice Plaintiff by delaying resolution of constitutional claims and prolonging uncertainty while the statute of limitations, evidence preservation, and witness memory concerns remain. Plaintiff has already been forced to monitor and respond to litigation activity and should not be required to tolerate further delay based on counsel's scheduling choices.

5.  Defendants' assertion that they seek the extension to avoid duplicative filings and to coordinate a joint response is unpersuasive because coordination should have begun promptly after service; moreover, the timing of service on May 6, May 13, and May 14, 2026 provided ample time to confer before the current response deadline.

6.  Defendants' Local Rule 7.1 statement that Plaintiff opposes the motion is accurate; Plaintiff is available to meet and confer further but does not consent to the requested extension.

WHEREFORE, Plaintiff respectfully requests that the Court deny Defendants' Motion for Extension of Time, or in the alternative, grant only a short, narrowly tailored extension if the Court finds excusable neglect or good cause (e.g., no more than 7

2

days), and order defendants to file any motion to dismiss or answer consistent with the applicable service dates; and grant such other relief as the Court deems just and proper.

Respectfully submitted,

Kathleen McManamon, Plaintiff, pro se

/s/ Kathleen  McManamon

PO box 450033

Miami, FL. 33245

Telephone: 917/415-0171

Email: kattissima11@gmail.com

## CERTIFICATE OF SERVICE

I certify that on May 26, 2026 I served a true and correct copy of the foregoing on counsel of record via CM/ECF and on defendants or their counsel by the means reflected on the docket.

By: /s/ Kathleen Mcmanamon

Kathleen McManamon

3