UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case No.: 1:26-cv-23072-MFE

KATHLEEN MCMANAMON,
Plaintiff,

v.

OFFICER CARBALLO, A., et al.,
Defendants.

_________________________________/

FILED BY [signature] D.C.

JUN 25 2026

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

Plaintiff Kathleen McManamon, respectfully submits this response in opposition to Defendants' Motion to Dismiss the First Amended Complaint ("FAC"). For the reasons below, Defendants' motion should be denied in its entirety.

## I. STANDARD OF REVIEW

At this stage, the Court must accept Plaintiff's well-pleaded factual allegations as true and draw reasonable inferences in Plaintiff's favor. The FAC satisfies the Federal Rules of Civil Procedure pleading standard because it contains enough factual matter—accepted as true—to state plausible claims for relief under 42 U.S.C. § 1983 and the Fourth, Fifth and Ninth Amendments.

## II. THE MOTION SHOULD BE DENIED BECAUSE PLAINTIFF ALLEGES PLAUSIBLE CONSTITUTIONAL VIOLATIONS

Plaintiff states a plausible Fourth Amendment claim.
Plaintiff alleges that Defendants approached with hands on weapons, stopped her without reasonable suspicion, detained and threatened her to impound the vehicle and contact child welfare to take her daughter, forcibly removed her phone and tobacco

pouch, searched her effects without consent, and arrested her without probable cause. FAC ¶¶ 12–21, 23–24. See Gates v. Khokhar, 884 F.3d 1290 (11th Cir. 2018) (pleading-stage review of Fourth Amendment claims), Brown v. City of Huntsville, 608 F.3d 724 (11th Cir. 2010) (probable cause facts are central to arrest claims).

## III. THE MOTION IMPROPERLY TRIES TO DEFEAT THE CLAIMS BY RECASTING PLAINTIFF'S STATUS

A. Defendants' motion effectively argues that they had probable cause and valid search justifications. But that is a factual dispute inappropriate for resolution on a motion to dismiss when Plaintiff alleges the stop, search, and arrest were unlawful and that no lawful basis existed under the circumstances. Probable cause and the legality of a search frequently turn on contested facts, including what the officers knew and observed and whether consent or a valid warrant exception existed. Plaintiff has pleaded facts supporting her entitlement to relief.

- Plaintiff did not commit any traffic violations while travelling and raises the question as to how the officers initially observed Plaintiff's diplomatic plate as there were no police cruisers travelling behind or in the vicinity of Plaintiff's vehicle.
- Plaintiff stated clearly to all of the officers present at the unlawful traffic stop that she was not a resident of Florida or any other state. This initial statement raises questions of the City of Miami Police Department"s jurisdiction over Plaintiff.

B. Defendants' dismissal theory improperly turns Plaintiff's "Amnesty Coalition" plate/status into an assumed criminality finding by arguing that the entity is not a "recognized" foreign government. That argument is legally irrelevant to the core constitutional questions presented on a motion to dismiss. The dispositive inquiry is whether—taking Plaintiff's well-pled facts as true—Defendants had an objectively reasonable basis for the stop, detention, search of Plaintiff and her effects, seizure of her phone and tobacco pouch, threats to remove her minor daughter, and arrest. Those are merits issues requiring factual development, not legal conclusions about recognition.

- The Amnesty Coalition is legally a foreign government of the United States in accordance with 18 USC § 11 and operates entirely at peace. The Amnesty Coalition does not "operate under the laws of the United States." The Amnesty Coalition is a "foreign state" as defined in 8 USC § 1101(a)(14).
- The Amnesty Coalition, in its relationship and interfacing with "United States," would be a Title 8 USC § 1101(a)(28) "organization." It is not incorporated, naturalized into, operating under the laws of, nor was born in the United States. All nationals of The Amnesty Coalition are ambassadors/diplomats.

C. For federal purposes, the statute supplying the controlling definition is **18 U.S.C. § 11**. Defendants cannot defeat a federal constitutional claim by substituting their own "recognition" framework for the federal statutory meaning. At minimum, Defendants' reasoning depends on factual and legal determinations that are not properly resolved at the pleadings stage.

D. Separately, Defendants' argument relies on an immaterial terminology error. Defendants' counsel incorrectly states in the Motion to Dismiss that Plaintiff was a "non citizen" rather than a "non resident." Plaintiff pleaded that she is a non resident and identified herself to officers with passport documentation at the traffic stop. That correction does not change the central allegations that Defendants escalated the encounter and allegedly conducted searches, seizures, and an arrest without reasonable suspicion or probable cause. See Skop v. City of Atlanta, 485 F.3d 1130 (11th Cir. 2007) (lack of probable cause for stop/arrest).

E. Defendants' argument that Plaintiff's own allegations "concede" probable cause is incorrect at the pleading stage.
Defendants assert that Plaintiff's alleged license/plate circumstances supplied probable cause under Florida statutes. Whether those statutes actually applied, whether Defendants' understanding of the circumstances was correct, and whether the alleged

"facts" constitute a probability of criminal activity are merits questions that cannot be resolved on a bare motion to dismiss where Plaintiff disputes Defendants' characterization of events. The FAC alleges the officers acted without reasonable suspicion and probable cause and conducted searches without consent or a warrant. FAC ¶¶ 15–21, 21–24. That is sufficient to proceed past dismissal.

F. Plaintiff states a plausible claim that Defendants searched her phone without consent.

Plaintiff alleges Defendants seized her phone and demanded her password; Plaintiff refused; and Defendants nonetheless attempted to search without consent. FAC ¶ 17. Defendants' response does not eliminate plausibility; it disputes it. Whether there was a valid exception (warrant, exigency, incident-to-arrest parameters as applied to the phone, etc.) depends on facts outside the pleadings. Plaintiff is entitled to discovery. See Riley v. California, 573 U.S. 373 (2014) (phone searches generally require a warrant absent an exception).

G. Plaintiff's allegations support more than a "no force" theory.

Defendants argue there were no allegations of force and that therefore excessive force fails. But Plaintiff alleges an unlawful stop carried out with an excessive show of force (officers approached with hands on weapons) and that Defendants forcibly removed her phone and tobacco pouch while she was surrounded and detained. FAC ¶¶ 13, 17–18. Excessive force claims may arise from the nature and manner of the seizure and the officers' use of force beyond what is reasonably necessary. Plaintiff has pleaded facts permitting the inference that force was used and that it was not justified. See Graham v. Connor, 490 U.S. 386 (1989); Lee v. Ferraro, 284 F.3d 1188 (11th Cir. 2002).

H. Plaintiff states due process claims under § 1983 based on unlawful detention/arrest.

Plaintiff alleges Defendants deprived her of liberty without due process of law by arresting and detaining her without probable cause and by failing to respect procedural protections. FAC ¶¶ 25–27. While Defendants assert the Fifth Amendment due process claim fails as a matter of law, Plaintiff's Fifth Amendment theory is part of a broader constitutional deprivation arising from alleged arrest and detention without probable cause, and the Court may treat the pleading as properly stating a due-process deprivation under § 1983 as framed by the FAC. At minimum, dismissal at the pleadings stage is inappropriate where Plaintiff alleges unlawful detention and liberty deprivation.

I. Plaintiff's Ninth Amendment claim is not automatically barred at the pleading stage.

Defendants argue the Ninth Amendment is not an independent source of rights for § 1983. Even if the Ninth Amendment theory ultimately requires clarification or amendment, dismissal is not warranted where Plaintiff has pled related constitutional harms tied to the Fourth and due process guarantees and has requested declaratory and monetary relief for unconstitutional conduct. In any event, the Court can construe pro se and inartfully pled claims to do substantial justice, and Plaintiff's core allegations arise from the Fourth Amendment and due process limitations on seizures and detention.

J. Right to travel / private, non-commercial capacity

Plaintiff's Ninth Amendment theory is not a standalone novelty claim; it is tied to her pleading constitutional injuries arising from governmental intrusions into her movement and family association. The Supreme Court has long recognized that a person's right to travel is a protected liberty interest, and it is not limited to interstate travel for commercial purposes.

The Supreme Court's travel jurisprudence confirms that the "right to travel" protects an individual's freedom to move and move freely without unreasonable governmental

interference, including when the traveler is acting in a **private, non-commercial capacity**. The Court has treated travel as part of the liberty protected by the Constitution, not as a privilege that evaporates based on whether the travel is conducted for business or commerce.

Accordingly, Plaintiff's allegations that Defendants' actions interfered with her ability to travel and with family association—through coercive detention, threats directed at taking her minor daughter, and an arrest—state a cognizable constitutional claim sufficient to proceed past dismissal. In any event, at the motion-to-dismiss stage, any questions about the precise framing of the right, the degree of interference, or the doctrinal pathway should be resolved through discovery and later dispositive motions, not by dismissal.

## IV. THE MUNICIPAL/ENTITY CLAIM (COUNT IV) SHOULD NOT BE DISMISSED AT THIS STAGE

Defendants argue Plaintiff's Monell allegations are conclusory. Plaintiff alleges that the municipal Defendant is liable for constitutional violations proximately caused by policies, practices, customs, training, supervision, and discipline failures, including failure to train officers on limits of stops/searches/seizures/arrests, and Plaintiff will plead specific Monell facts following discovery. FAC ¶¶ 31–32.

At the motion-to-dismiss stage, Plaintiff need only plausibly allege that the constitutional violation resulted from an official policy/custom/practice or failure to train/supervise/discipline. The Plaintiff has done so. Denying dismissal allows discovery to confirm the specific training, supervision, and policy failures. Count IV should survive. See Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978); City of Canton v. Harris, 489 U.S. 378 (1989); Hoefling v. City of Miami, 811 F.3d 1271 (11th Cir. 2016) (plausibility standard for municipal liability allegations).

## V. DEFENDANTS' REQUEST TO DISMISS BASED ON "SHOTGUN PLEADING" IS MISPLACED

Defendants assert shotgun pleading defects. Even assuming the Court identifies imprecision, the proper remedy is to require a more definite statement or allow amendment—not dismissal with prejudice. Plaintiff's FAC sets forth counts tied to distinct constitutional theories (Fourth Amendment, Fifth Amendment due process, Ninth Amendment, and Monell). The alleged underlying conduct is clearly described across the factual allegations, including what occurred, when, and where, and which officers were involved by name and badge number. FAC ¶¶ 12–21. That provides Defendants notice of the basis of the claims sufficient to proceed.

## VI. QUALIFIED IMMUNITY IS NOT PROPER ON A MOTION TO DISMISS ON THESE ALLEGATIONS

Defendants contend they are entitled to qualified immunity. But at the pleading stage, the Court must accept Plaintiff's version of events as true and determine whether the law was clearly established such that a reasonable officer would have understood the conduct was unlawful. Plaintiff alleges unlawful stop, coercive seizure and search without consent or a warrant exception, and arrest without probable cause. FAC ¶¶ 15–21, 23–27.

These alleged actions—if proven—are the types of Fourth Amendment seizures and searches long clearly established as unconstitutional when unsupported by reasonable suspicion/probable cause and when searches occur without a valid exception. Defendants' motion depends on disputed factual assertions and asks the Court to resolve merits issues prematurely. Qualified immunity should not be granted on the pleadings where Plaintiff plausibly alleges constitutional violations. See Keating v. City of Miami, 598 F.3d 753 (11th Cir. 2010) (dismissal only if immunity is apparent on the face of the complaint); Piazza v. Jefferson Cnty., 923 F.3d 947 (11th Cir. 2019).

## VII. THE MOTION'S DISMISSAL ARGUMENTS ARE ALTERNATIVELY UNSUITABLE WITHOUT LEAVE TO AMEND

To the extent the Court finds any pleading defects, dismissal is improper without granting Plaintiff leave to amend and clarify the claims. Plaintiff should be given the opportunity to cure any technical pleading deficiencies. See Bryant v. Dupree, 252 F.3d 1161 (11th Cir. 2001) (leave to amend should be freely given absent futility or prejudice).

**CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendants' Motion to Dismiss in its entirety. In the alternative, if the Court identifies any curable pleading deficiencies, Plaintiff requests leave to amend rather than dismissal.

Respectfully submitted,

Kathleen McManamon

Kathleen Mcmanamon, Pro Se

PO Box 450033

Miami, Florida 33245

Email: kattissima11@gmail.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I filed the foregoing document with the Clerk of Court. Attorney for counsel was served electronically via CM/ECF.

6/25/26

By: Kathleen McManamon

Kathleen McManamon, Plaintiff