**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 1:26-cv-23072-MFE**

**KATHLEEN MCMANNAMON**,

Plaintiff,

v.

**OFFICER BRADSHAW, *et al.***,

Defendant.
_____________________________________________/

**JOINT PRETRIAL STIPULATION AND SCHEDULING REPORT**

The parties, pursuant to the Court's Order [ECF No. 30] and S.D. Fla. L. R. 16.1(e), hereby submit this Joint Pretrial Stipulation and Scheduling Report and state as follows:

**I. INFORMATION REQUIRED BY LOCAL RULE 16.1(a)**

The parties submit this case should be on the standard track.

**II. INFORMATION REQUIRED BY LOCAL RULE 16.1(b)**

A) Likelihood of settlement.

The likelihood of settlement is open and the parties are continuing discussions. The number of defendants requires further conferral given the nature of the claims and current status of the pleadings.

B) Likelihood of appearance in the action of additional parties.

The Plaintiff believes the likelihood of additional parties is high because the Plaintiff asserts there are three additional officers that she intends to identify during discovery. The Defendant has no position on that at this time.

C) Proposed limits on the time:

(i) to join parties and amend the pleadings. *See* Attached Joint Proposed Scheduling Order.

(ii) to file and hear motions. *See* Attached Joint Proposed Scheduling Order.

(iii) to complete discovery. *See* Attached Joint Proposed Scheduling Order.

D) Proposals for the formulation and simplification of issues.

The parties agree to utilize the standard rules of procedure from the Federal Rules of Civil Procedure and the Court's Local Rules and to work amongst themselves for any proposed modifications that may be necessary before seeking judicial intervention. The parties anticipate using routine discovery, such as requests for admissions, discovery, and motions in limine to narrow the scope of issues. Additionally, the parties agree to make any appropriate stipulations.

E) Necessity or desirability of amendments to the pleadings.

The Plaintiff would desire to amend the pleadings if the Court grants any portion of the motion to dismiss.

F) Possibility of obtaining admissions of fact and of documents, electronically stored information or things which will avoid unnecessary proof, stipulations regarding authenticity of documents, electronically stored information or things, and the need for advance rulings from the Court on admissibility of evidence.

The parties anticipate engaging in routine discovery and to confer on any stipulations that may be appropriate to avoid the duplicative presentation of evidence. The Parties will attempt to resolve issues of admissibility but will seek advanced rulings from the Court on issues that they are unable to resolve amongst themselves.

G) Suggestions for the avoidance of unnecessary proof and of cumulative evidence.

The Parties will work together to avoid unnecessary proof, cumulative/duplicative evidence as this case proceeds through discovery and up to trial via conferral and routine discovery measures.

H) Suggestions on the advisability of referring matters to a Magistrate Judge or master.

The parties consent to a U.S. Magistrate Judge handling all matters of this case even up to trial if it becomes necessary.

I) Preliminary estimate of the time required for trial.

At this time, the parties anticipate that trial could take between 5 or 7 days based on the number of Defendants.

J) Requested date or dates for conferences before trial, a final pretrial conference, and trial;

*See* Attached Joint Scheduling Order.

K) Any issues about:

i) Disclosure, Discovery or preservation of electronically stored information, including the form or forms in which it should be produced;

The parties are investigating whether there are issues regarding disclosure, discovery, or preservation of documents. At this time, the parties are investigating whether certain body worn camera footage lacks audio. The Plaintiff anticipates investigating the reason for any lack of audio if the body worn camera footage is confirmed to lack audio. All other issues regarding disclosure, discovery, or preservation shall be discussed between the parties before seeking judicial intervention..

ii) Claims of Privilege or Protection of Trial Preparation Materials

The Parties agree that the "claw-back" of inadvertently produced privileged or trial preparation materials shall be governed by the applicable provisions of Federal Rule of Civil Procedure 26 and Federal Rule of Evidence 502.

iii) When the Parties Agreed to Use the ESI Checklist

The parties agreed to use the ESI checklist on October 21, 2026 and agree that most, if not all, ESI regarding the Plaintiff's arrest—created during the incident in question—is properly within

the scope of discovery. This likely entails videos, photographs, and documents that were created electronically during the traffic stop and arrest.

L) Other information: N/A.

Kathleen McManamon, Plaintiff
PO Box 450033
Miami, Florida 33245
Telephone: 917-415-0171
Email: kattissimall@gmail.com

By: /s/ Kathleen Mcmanamon
Kathleen McManamon

GEORGE K. WYSONG, III, City Attorney
BRYAN E. CAPDEVILA,
Assistant City Attorney
Attorneys for **Defendants**
444 S.W. 2ND Avenue, Suite 945
Miami, FL 33130-1910
Tel.: (305) 416-1800
Fax: (305) 400-5071
Email: BCapdevila@miamigov.com
Secondary Email:
smfernandez@miamigov.com

By: */s/ Bryan E. Capdevila*
Bryan E. Capdevila
Florida Bar No. 0119286

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on the 22nd day of October 2026, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and thus served this document on all counsel of record with an email-generated Notice of Electronic Filing (or "NEF") transmitted via CM/ECF. I further certify that the foregoing document was sent by others means, such as U.S. mail, to any parties that are unable to receive a NEF via CM/ECF.

By: */s/ Bryan E. Capdevila*
Bryan E. Capdevila
Florida Bar No. 0119286