IN THE UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

Case No. 1:26-cv-23072-MFE

KATHLEEN MCMANAMON,
Plaintiff,

v.

OFFICER CARBALLO, A., et al.,
Defendants.

FILED BY ___ D.C.
OCT 2 7 2026
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

## PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANTS

Plaintiff Kathleen McManamon propounds the following Interrogatories to Defendants under Federal Rule of Civil Procedure 33.

### Definitions and Instructions

1. "Plaintiff" means Kathleen McManamon.
2. "Defendants" means all named Defendants, including each individual officer and the municipal Defendant.
3. "Incident" means the traffic stop, detention, search, seizure, arrest, and related events occurring on or about March 6, 2026, near NW 1st Place and NW 21st Street, Miami, Florida.
4. "Document" means all writings, electronically stored information, recordings, photographs, messages, reports, and metadata.
5. "Identify" when referring to a person means state full name, badge number, employer, title, and role.
6. "Identify" when referring to a document means state date, author, recipient, custodian, and a brief description.

7. Unless stated otherwise, the relevant time period is January 1, 2026 to the present.
8. If any answer is incomplete, state the portion answered and explain what is missing.

**Interrogatories**

1. Identify every officer present at or near the Incident, including each officer's name, badge number, rank, agency, and role.
2. State the complete factual basis for the traffic stop.
3. State who observed the license plate.
4. State who initiated the stop and who authorized it.
5. Identify every alleged traffic, registration, plate, license, or criminal violation relied upon during the Incident.
6. State the facts supporting any belief that Plaintiff's vehicle, plate, phone, pouch, trunk, or person could be searched or seized.
7. Describe all communications among officers concerning Plaintiff, her vehicle, her plate, her documents, her phone, or her daughter.
8. State whether any officer observed Plaintiff commit any offense in his or her presence; if so, identify the officer, offense, and facts observed.
9. Identify every search conducted during the Incident, including who conducted it, what was searched, and the basis for each search.
10. Identify all items taken, seized, or retained from Plaintiff or her vehicle.
11. State who decided to arrest Plaintiff, the time that decision was made, and the reasons for the arrest.
12. State who physically arrested Plaintiff and who transported her to jail.
13. Identify all body-worn camera, dash camera, audio, video, GPS, CAD, dispatch, and radio recordings relating to the Incident.
14. Identify all reports, supplements, arrest affidavits, incident reports, property logs, tow records, booking records, and jail records relating to the Incident.
15. Identify all witnesses to the Incident, including Plaintiff's daughter, Plaintiff's husband, bystanders, dispatch personnel, and jail personnel.

16. State whether any officer requested consent to search Plaintiff, her phone, her pouch, or her vehicle; if so, identify who made the request and Plaintiff's response.
17. State whether any officer threatened impoundment, CPS involvement, or other consequences; if so, identify the officer and words used.
18. State the basis for any alleged probable cause after Plaintiff's husband arrived with the registered plate.
19. State all facts supporting any claim that Plaintiff's plate was illegitimate, fraudulent, expired, or otherwise unlawful.
20. Identify every policy, training document, directive, or custom relied upon in connection with the Incident.
21. State whether any Defendant contends Plaintiff consented to any search, seizure, or arrest; if so, state all supporting facts.

## PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION TO DEFENDANTS

Plaintiff Kathleen McManamon requests production under Federal Rule of Civil Procedure 34.

### Definitions and Instructions

1. The definitions above apply here.
2. Produce all documents within your possession, custody, or control.
3. If a document is withheld, state the basis for withholding and identify the document by privilege log.
4. Electronically stored information should be produced in native format when available, or in reasonably usable form.

## Requests for Production

1. All body-worn camera footage from every officer present at or connected to the Incident.
2. All dash-cam footage, audio recordings, radio transmissions, CAD logs, GPS data, and dispatch records relating to the Incident.
3. All reports, supplements, narratives, arrest affidavits, incident reports, property logs, tow records, booking records, and jail records relating to Plaintiff.
4. All photographs, screenshots, video stills, and recordings depicting Plaintiff, her vehicle, her license plate, her phone, her pouch, or her daughter.
5. All documents relating to the decision to stop, detain, search, seize, or arrest Plaintiff.
6. All documents relating to any alleged illegitimate, fraudulent, expired, or suspended plate or license issue.
7. All documents relating to any search of Plaintiff's person, vehicle, phone, pouch, trunk, or effects.
8. All documents relating to any consent, refusal of consent, warrant, or probable-cause determination.
9. All communications among officers regarding Plaintiff or the Incident, including text messages, emails, and internal messages.
10. All policies, procedures, training materials, manuals, bulletins, and directives in effect on March 6, 2026 concerning traffic stops, searches, seizures, arrests, phones, and property handling.
11. All documents identifying the nine officers present or involved in the Incident and their respective roles.
12. All records concerning discipline, complaints, citizen complaints, internal affairs investigations, or training deficiencies involving any Defendant for similar conduct.
13. All jail intake, detention, release, and bond records relating to Plaintiff.
14. All documents concerning Plaintiff's minor daughter being present at the scene or any alleged contact with child protective services.
15. All documents sufficient to show the chain of custody for any item seized from Plaintiff or her vehicle.

## PLAINTIFF'S FIRST REQUESTS FOR ADMISSION TO DEFENDANTS

Plaintiff Kathleen McManamon requests that Defendants admit or deny the following under Federal Rule of Civil Procedure 36.

### Definitions and Instructions

1. The definitions above apply here.
2. Each matter is deemed admitted unless denied in the response.
3. If denied in part, specify the admitted portion and the denied portion.

### Requests for Admission

1. Admit that Plaintiff was operating the vehicle at issue on March 6, 2026.
2. Admit that officers stopped Plaintiff's vehicle.
3. Admit that Plaintiff did not commit any traffic offenses prior to being stopped.
4. Admit that Plaintiff's license plate was flagged by an ALPR.
5. Admit that nine officers were present at the scene.
6. Admit that Plaintiff did not consent to a search of her phone.
7. Admit that Plaintiff did not consent to a search of her pouch.
8. Admit that Plaintiff did not consent to a search of her vehicle.
9. Admit that no warrant authorized the search of Plaintiff's phone.
10. Admit that no warrant authorized the search of Plaintiff's pouch.
11. Admit that no warrant authorized the search of Plaintiff's vehicle.
12. Admit that Plaintiff was arrested.
13. Admit that Plaintiff's minor daughter was present during the Incident.
14. Admit that Plaintiff's husband later arrived with the registered plate.
15. Admit that the plate was attached to the vehicle after Plaintiff's husband arrived.
16. Admit that the criminal charges against Plaintiff were later dismissed or nolle prossed.

17. Admit that body-worn camera video exists for at least one officer present at the Incident.
18. Admit that Plaintiff did not physically resist arrest.
19. Admit that no officer obtained a judicial warrant before the search of Plaintiff's phone.
20. Admit that no officer obtained a judicial warrant before seizing Plaintiff's property.
21. Admit that the officers were acting under color of state law during the Incident.
22. Admit that the Incident occurred in Miami-Dade County, Florida.

Respectfully submitted,

Kathleen McManamon, Plaintiff,
PO Box 450033
Miami, Florida 33245
Telephone: 917-415-0171
Email: kattissimall@gmail.com

By: K. M

Kathleen McManamon

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 27, 2026 I filed the foregoing Plaintiff's First Interrogatories, Requests for Production, and Requests for Admission on Defendants with the clerk of court [CM/ECF/email] and on all counsel of record.

By: K. M

Kathleen McManamon, Plaintiff