**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 1:26-cv-23072-MFE**

**KATHLEEN MCMANNAMON**,

Plaintiff,

v.

**OFFICER BRADSHAW, *et al.***,

Defendant.
_______________________________________/

**RESPONSE TO ORDER TO SHOW CAUSE**

The Defendants, by and through undersigned counsel, submit this Response to the Court's November 4, 2026 Order to Show Cause. In the Order, the Court inquired why the Undersigned had not filed the Certificate of Interested Parties (which has now been filed) or why Counsel failed to appear at the October 26, 2026 status conference.

The Undersigned begins by apologizing for his uncharacteristic delays and failures. There are ***three*** interrelated circumstances that had a more direct causal effect for the failures identified by the Court. Other circumstances indirectly contributed as well.

***First***, at this time, the Undersigned is in the process of securing a temporary workplace accommodation or extended leave with his employer due to the recent exacerbation of certain medical conditions. These conditions impact—among other things—his cognitive and executive functioning within his personal and professional life.

***Second***, although the Undersigned regularly relies on his administrative assistant's calendaring of deadlines to overcome the cognitive and executive issues associated with his medical conditions, the Undersigned's administrative assistant did not calendar the at-issue deadlines. The Undersigned understood how serious that omission was and has since taken

administrative steps to commence the issuance of a reprimand for the non-calendaring. That failure to calendar, coupled with the difficulties associated with the increase in frequency and severity of symptoms, resulted in the Undersigned's failure to provide the Certificate of Interested Parties on time and his failure to appear at the status conference.

***Third***, the Undersigned has a fast-paced and heavy caseload. This has included competing deadlines in state and federal court, extensive research, writing, meetings with clients and potential witnesses, interviewing potential experts, conducting or participating in depositions, mediations, oral arguments, providing training to City employees, trial preparation and support, compliance review of proposed policies or programs, and other miscellaneous litigation and transactional-type responsibilities. These professional obligations do not excuse the failure to appear at the Status Conference or the failure to file the Certificate of Interested Parties on time, but they contribute to why—coupled with the first two circumstances—the omissions occurred.

On the day of the Status Conference, at 11:11 am, the Court emailed the Undersigned to state that the hearing had commenced. By 11:45am, the Undersigned received the Court's email, dressed in a suit, attempted to log on, and emailed Courtroom Deputy Green, apologizing for the failure to appear which was due to the circumstances mentioned above. During the 11a.m. Status Conference, because it was not calendared, the Undersigned was on a telephonic conference call only to end that conference call at approximately 11:30am and discover there was a hearing transpiring.

Given the aforementioned circumstances, the Undersigned submits that sanctions are not warranted. "Federal courts possess certain 'inherent powers,' not conferred by rule or statute, to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *ByoPlanet Int'l, LLC v. Johansson*, 792 F. Supp. 3d 1341, 1352 (S.D. Fla. 2025) (internal quotation

marks omitted). "To exercise its inherent power to impose sanctions, a court must find that the party acted in bad faith." *Id.* (internal quotation marks omitted). A subjective bad-faith standard applies, which is met if an attorney's conduct is so egregious that it could only be committed in bad faith. *See id.* Recklessness alone cannot constitute bad faith, but recklessness when coupled with the presentation of a frivolous argument could rise to the level of bad faith. *See id.*

Here, there is no presentation of a frivolous argument which, if coupled with recklessness, could show bad faith. Moreover, there is no subjective or objective bad faith for sanctions because the omissions were the product of the aforementioned circumstances, which are partially the result of an assistant's non-calendaring of these important deadlines[1] and the exacerbation of the Undersigned's medical conditions (which the Undersigned has been in the process of addressing to avoid circumstances like this from happening). For similar reasons, the Undersigned submits there is no conduct that is so egregious that it could only have been committed in bad faith.

To summarize, and again, the Undersigned apologizes for the failures mentioned above. He has been in the process of addressing his current health situation, which he indicated to the Plaintiff over the phone before the originally scheduled Status Conference. He has been addressing this recent exacerbation while balancing his fast-paced and complex work duties. And he has taken steps to have a reprimand issue to administrative staff for their non-calendaring. Further, upon realizing that the hearing was transpiring and that it had not been calendared, the Undersigned was ready to appear for the hearing within approximately 15 minutes and emailed Courtroom Deputy Green that he was in the Zoom waiting room. Lastly, the Undersigned submitted a Certificate of

[1] It is the policy of the Office of the City Attorney that the administrative assistants, who are union employees, are tasked with the calendaring of deadlines.

Interested Parties and this Response on the same date of its Order to alert the Court as soon as possible of these circumstances for why sanctions are not appropriate.

Based on the foregoing, the Undersigned submits that he has shown cause for why sanctions are not due and humbly requests that they are not issued.

Respectfully submitted,

GEORGE K. WYSONG, III, City Attorney
BRYAN E. CAPDEVILA, Assistant City Attorney
*Counsel for the Defendants*
444 S.W. 2nd Avenue, Suite 945
Miami, FL 33130-1910
Tel.: (305) 416-1800
Fax: (305) 400-5071
Email: bcapdevila@miamigov.com
Secondary Email: smfernandez@miamigov.com

By: *<u>/s/ Bryan E. Capdevila</u>*
Bryan E. Capdevila
Assistant City Attorney
Florida Bar No. 119286

**<u>CERTIFICATE OF SERVICE</u>**

**I HEREBY CERTIFY** that on the 4th day of November 2026, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: *<u>/s/ Bryan E. Capdevila</u>*
Bryan E. Capdevila
Assistant City Attorney
Florida Bar No. 119286